IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NESTE OIL OYJ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. |
| | ) |
| DYNAMIC FUELS, LLC, | ) |
| SYNTROLEUM CORPORATION, and | ) |
| TYSON FOODS, INC., | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Neste Oil Oyj ("Neste Oil"), by and for its Complaint for patent infringement against Defendants Dynamic Fuels, LLC ("Dynamic Fuels"), Syntroleum Corporation ("Syntroleum"), and Tyson Foods, Inc. ("Tyson Foods"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement of Neste Oil's U.S. Patent No. 8,212,094 ("the '094 patent") directed to processes for making diesel range hydrocarbons.

**THE PARTIES**

2. Neste Oil is a corporation organized and existing under the laws of Finland, with its corporate headquarters at Keilaranta, P.O. Box 95, 00095 NESTE OIL, Finland.

3. Neste Oil is engaged in researching, developing, manufacturing, and selling transportation fuels and other products. Neste Oil has developed a renewable diesel fuel that it has begun marketing in the United States under the name NExBTL®.

4. Dynamic Fuels is a Delaware limited liability company having its principal place of business at 36187 Highway 30, Geismar, Louisiana 70802.

5. Dynamic Fuels is a joint venture of Syntroleum and Tyson Foods.

6. Syntroleum is a Delaware corporation having its corporate offices and principal place of business at 5416 South Yale Avenue, Suite 400, Tulsa, Oklahoma 74135. Syntroleum regularly conducts business in the State of Delaware and uses the offices of the State of Delaware to conduct its business. This conduct includes but is not limited to using the Delaware Limited Liability Company Act to govern its joint venture with Tyson Foods; selecting Delaware as the corporate home for four of its wholly owned U.S. subsidiaries; and using the Delaware General Corporation Law to conduct its business. In 2005, Syntroleum merged one of its subsidiaries into itself under the Delaware General Corporation Law.

7. Tyson Foods is a Delaware corporation having its corporate offices and principal place of business at 2200 Don Tyson Parkway, Springdale, Arkansas 72762. Tyson Foods regularly conducts business in the State of Delaware and uses the offices of the State of Delaware to conduct its business. This conduct includes but is not limited to bringing litigation in the Delaware court systems; using the Delaware Limited Liability Company Act to govern its joint venture with Syntroleum; selecting Delaware as the corporate home for forty-three of its approximately fifty-two wholly owned U.S. subsidiaries; using Delaware as the corporate home for its primary international subsidiaries; and using the Delaware General Corporation Law to conduct its business. On information and belief, Tyson Foods primarily operates its international subsidiaries through two wholly owned Delaware subsidiaries, Cobb-Vantress, Inc. and New Canada Holdings, Inc.

**JURISDICTION, VENUE, AND JOINDER**

8. This civil action for patent infringement arises under the Patent Laws of the United States, Title 35, United States Code.

9. This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

11. This Court has personal jurisdiction over Defendants.

12. Defendants are properly joined in this action under 35 U.S.C. § 299.

## COUNT I: DIRECT INFRINGEMENT

13. On July 3, 2012, the '094 patent, entitled "Process for the Manufacture of Diesel Range Hydrocarbons," was duly and lawfully issued to Neste Oil by the United States Patent and Trademark Office ("PTO"). Neste Oil owns the '094 patent and holds all right, title, and interest in the '094 patent, including the rights to sue for infringement and to seek damages and injunctive relief. A copy of the '094 patent is attached as Exhibit A.

14. The '094 patent discloses and claims processes for the manufacture of diesel range hydrocarbons.

15. On information and belief, Defendants have directly infringed at least one claim of the '094 patent under 35 U.S.C. § 271(g) by offering to sell, selling, importing or using within the United States renewable diesel fuels ("the Accused Products") produced by a process patented in the United States, including Accused Products produced at Dynamic Fuels' plant in Geismar, Louisiana. Defendants have also directly infringed at least one claim of the '094 patent under 35 U.S.C. § 271(a) by using a process covered by at least one claim of the '094 patent ("the Accused Process") to manufacture the Accused Products in the United States.

16. Defendants have no license or other authorization to use the inventions described and claimed in the '094 patent.

17. Defendants' acts of direct infringement have been willful and made with knowledge of Neste Oil's rights in the '094 patent. Ramin Abhari, who manages Syntroleum's patenting

activities, has actively monitored Neste Oil's patent applications and patents. In addition, Syntroleum cited the '094 patent in a submission to the PTO during a reexamination proceeding. Defendants are fully aware of Neste Oil's patent rights, including its rights in the invention described and claimed in the '094 patent.

## COUNT II: ACTIVE INDUCEMENT OF INFRINGEMENT

18. Neste Oil incorporates by reference the allegations of paragraphs 1-17 of this Complaint as if fully set forth herein.

19. In 2007, Syntroleum and Tyson Foods formed Dynamic Fuels as a 50/50 joint venture. The primary objective of the joint venture was to build and operate one or more refineries capable of using the Accused Processes to produce the Accused Products from biological feedstocks. Tyson Foods would supply the necessary biological feedstocks such as animal fats, greases, and vegetable oils. Syntroleum would provide engineering services and related technical support. Syntroleum and Tyson Foods selected a location in Geismar, Louisiana to build the first Dynamic Fuels plant.

20. Construction of the Dynamic Fuels plant in Geismar, Louisiana began in November 2008 and was completed in July 2010. Syntroleum and Tyson Foods invested more than $150 million to construct this plant.

21. In November 2010, Syntroleum and Tyson Foods announced the start of commercial production of the Accused Products at the Dynamic Fuels plant. Since that time Dynamic Fuels has been using the Accused Process to manufacture substantial volumes of Accused Products, which it has sold to distributors, customers, and others in the United States. The Dynamic Fuels plant is designed to produce up to 75 million gallons of Accused Products each year.

22. Distributors, customers, and others who offer to sell, sell, or use Accused Products made by the Accused Process in the United States directly infringe at least one claim of the '094 patent under 35 U.S.C. § 271(g).

23. From at least the date of this complaint, Defendants know or should know that their steps in actively advertising, marketing, packaging, offering for sale, selling, or distributing the Accused Products made by the Accused Process cause, urge, encourage, or aid distributors, customers, and others to directly infringe at least one claim of the '094 patent. Defendants have therefore actively induced infringement of the '094 patent under 35 U.S.C. § 271(b).

24. Syntroleum knows or should know that its steps in actively providing engineering services, technical assistance, financial support, and other services and products to Dynamic Fuels cause, urge, encourage, or aid Dynamic Fuels and others to directly infringe at least one claim of the '094 patent. Dynamic Fuels would be unable to commercially produce and sell the Accused Products using the Accused Process in the United States without Syntroleum's engineering services, technical assistance, financing, and other support. Syntroleum has therefore actively induced infringement of the '094 patent under 35 U.S.C. § 271(b).

25. Tyson Foods knows or should know that its steps in actively providing biological feedstocks and financial support to Dynamic Fuels cause, urge, encourage, or aid Dynamic Fuels and others to directly infringe at least one claim of the '094 patent. Dynamic Fuels would be unable to commercially produce and sell the Accused Products using the Accused Process in the United States without Tyson Foods' biological feedstocks, financing, and other support. Tyson Foods has therefore actively induced infringement of the '094 patent under 35 U.S.C. § 271(b).

26. Defendants' acts of inducing infringement have been willful and made with knowledge of Neste Oil's rights in the '094 patent. Ramin Abhari, who manages Syntroleum's

patenting activities, has actively monitored Neste Oil's patent applications and patents. In addition, Syntroleum cited the '094 patent in a submission to the PTO during a reexamination proceeding. Defendants are fully aware of Neste Oil's patent rights, including its rights in the invention described and claimed in the '094 patent.

## DAMAGES AND OTHER HARM SUFFERED BY NESTE OIL

27. Neste Oil has been damaged in an amount not yet determined as a result of the infringing activities complained of herein. Neste Oil has also been irreparably harmed by Defendants' patent infringement. Neste Oil will continue to suffer damages and irreparable harm until this Court permanently enjoins Defendants from further infringement of the '094 patent.

## PRAYER FOR RELIEF

WHEREFORE, Neste Oil respectfully requests that this Court enter a judgment:

(1) finding Defendants liable to Neste Oil for willful infringement of the '094 patent;

(2) permanently enjoining Defendants, their officers, agents, servants, employees, and attorneys, and those other persons or entities in active concert or participation with them, from infringing any claim of the '094 patent until the '094 patent expires;

(3) awarding Neste Oil damages adequate to compensate it for Defendants' infringement of the '094 patent, including enhanced damages under 35 U.S.C. § 284, together with pre- and post-judgment interest on all damages; and

(4) finding that this is an exceptional case under 35 U.S.C. § 285 and awarding Neste Oil reasonable attorney fees, costs of suit, and such further and additional relief as this Court deems just and proper.

        /s/ John W. Shaw
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Stephanie O'Byrne (No. 4446)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
sobyrne@shawkeller.com
*Attorneys for Plaintiff Neste Oil Oyj*

OF COUNSEL:
Michael J. Flibbert
Megan R. Leinen
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 408-4000

Dated: December 20, 2012